## Dennison *against* Fairchild.

The question when a deposition may be read, in consequence of the witness's inability to appear in court, must be referred to the discretion of the court : but the exercise of that discretion is the subject of review on error.

ERROR to the common pleas of *Susquehanna* county.

Mason Dennison against Abel Fairchild. The only question in this case was, as to the admissibility of the depositions of Ephraim Fairchild and Mary Fairchild under the circumstances stated in the opinion of the court.

The opinion of the Court was delivered by

HUSTON, J.—There had been a rule to take depositions to be read at the trial of the cause in case of the witness being dead, removed, or unable to attend at the trial.

Such a rule is entered of course in any court of common pleas in this state, though in most of the judicial districts the length of time of giving notice before taking the deposition is regulated by a rule of court. And in some districts there is a rule that if the witness resides beyond a certain distance from the court house, no *subpœna* need issue. There does not appear to have been any such rule applicable to the present ; and there is no objection that the depositions were not taken on due notice, and on cross-examination. The question arises whither the court put a proper construction on the words, " unable to attend," as applied to the facts of this case.

The witnesses were Ephraim and Mary Fairchild, the father and mother of the defendant.

The proof was, that Ephraim was seventy-six years old, not lame but very feeble, does no work, except sometimes bringing in wood for his fire ; witness thought he could not be brought to court without danger of injury to his health.

Mary Fairchild was proved to be about seventy years old, to have been lame for several years, so as not to be able to do any thing or go any where out of doors. Though heavy and fleshy, yet often sick, and subject to hysterics ; had not been from home for a long time, except once at a daughter's, who lived a mile distant, and then complained of suffering very much.

There are few matters of frequent occurrence, which it has not been practicable to reduce to some rule. This matter has been frequently before this court, and on the fullest consideration we cannot approach nearer to a fixed rule than has been done, viz. that it must

VII.—2 B

[Dennison v. Fairchild.]

be pretty much a matter in the discretion of the court which tried the cause; but that these may be so strong as that this court will reverse for error, as was done in Pepper *v.* Lodge, 16 *Serg. & Rawle* 214, yet even then the court were not unanimous.

That case, and Dietrick *v.* Dietrick, 1 *Penns. Rep.* 318, the arguments of counsel, the cases cited, and the opinions of the judges, contain all perhaps that can be said on the subject—that to decide on such cases it must be left generally to the court which tried the cause, though there may be cases in which such decision may be corrected on a writ of error.    In Pepper *v.* Lodge, the witness, a very aged woman, residing twelve miles from the court house, was proved to have been brought the week before the court, to a place within two miles of the court, and there was no proof that she sustained injury. And the party, whose witness she was, had a carriage in which she could have been brought.    The deposition was received, and this was held error.    I am not aware of any other case of a reversal on this ground.    That the witnesses were the parents of the defendant, might be subject of consideration, if there had been any evidence contesting what had been given, or any ground to suppose management in keeping them away; nothing of this kind occurred; and I am not aware that a relation of a party must be exposed to hardship or danger in coming to court, which a person not a relation would not in similar circumstances be compelled to encounter.

8 *Serg. & Rawle* 387 will afford an opportunity of seeing the opinion of Chief Justice Tilghman on this subject; who seemed to consider the decision of the court below conclusive.    We do not say there is no case in which this court will not reverse for a wrong decision on this point; but we do not consider this such a case.    The state of the roads at that time, the season of the year, and the inclemency of the weather, are circumstances known to the judges of the court below, and may weigh along with other matters.

Judgment affirmed.